IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRANDON ARTREZ SIMMONS,       )
                              )
        Petitioner,            )
                              )      1:14CV1068
    v.                         )      1:13CR105-1
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.            )
                              )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner Brandon Artrez Simmons ("Petitioner") has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 20.)[1] The Government has responded (Doc. 32), and despite being notified of his right to reply (Doc. 33), Petitioner has not filed a reply. This matter is now ripe for ruling. See Rule 8, Rules Governing Section 2255 Proceedings. For the reasons that follow, this case will be dismissed.

I.  **BACKGROUND**

Petitioner was indicted on charges of (1) carrying a firearm and ammunition as a convicted felon, in violation of 18

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:13CR105-1).

U.S.C. § 922(g)(1); (2) possession with intent to distribute 175.8 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1); and (3) the knowing possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Indictment (Doc. 1) at 1-2.) The Indictment specified that Petitioner knowingly possessed a Beretta .40 caliber handgun (see id. at 1-2), but this court granted the Government's motion to amend the Indictment before Petitioner entered his guilty plea, such that Petitioner was accused of knowingly possessing a Beretta .380 semi-automatic pistol. (See Change of Plea Hr'g Tr. (Doc. 29) at 2-4.)

Petitioner entered into a Plea Agreement with the Government, whereby he voluntarily pled guilty to Count One, knowingly possessing a firearm as a convicted felon, and Count Three, possession with intent to distribute marijuana. (Plea Agreement (Doc. 11) ¶ 2.) A Factual Basis was filed explaining the circumstances by which law enforcement discovered that Petitioner was in possession of a firearm and marijuana. (See Am. Factual Basis (Doc. 12) at 2-5.) The Factual Basis explained that drug paraphernalia, a firearm, rounds of ammunition, 178.5 grams of marijuana, and 5.5 grams of cocaine

were seized from a residence where Petitioner was found and a vehicle outside of the residence. (See id. at 2-5.)[2]

The Factual Basis also provided that Petitioner had admitted that the Beretta .380 semi-automatic pistol was his, that he had acquired the firearm for his protection, that all of the marijuana in the residence was his, and that he had been selling marijuana. (See id. at 6.) The Factual Basis finally provides that Petitioner had felony convictions for felony common law robbery and felony conspiracy to commit common law robbery entered in state court on August 13, 2007. (Id. at 7.) Petitioner stated under oath that he agreed to the facts as set forth in the Factual Basis and as discussed at the time he entered his guilty plea. (See Change of Plea Hr'g Tr. (Doc. 29) at 27.) Based on these facts, this court sentenced Petitioner to concurrent 60-month terms of imprisonment as to each count. (Sentencing Hr'g Tr. (Doc. 30) at 9-10; Judgment (Doc. 17) at 1-2.)

---

[2] There is some discrepancy as to whether the amount of marijuana attributable to Petitioner was 178.5 grams or 175.8 grams. (Compare Indictment (Doc. 1) at 2 (alleging approximately 175.8 grams of marijuana), with Am. Factual Basis (Doc. 12) at 5 (alleging 178.5 grams of marijuana seized from the residence).) However, Petitioner does not raise this as a ground for relief, and this court finds that this possible clerical error does not constitute a variance that would have violated Petitioner's rights. Cf. United States v. Pate, 326 Fed. Appx. 684, 686 (4th Cir. 2009) (per curiam).

As part of his Plea Agreement, Petitioner agreed to waive his right to appeal, except as to four narrow bases. (Plea Agreement (Doc. 11) ¶ 5(d).) As a result, Petitioner did not appeal the sentence this court imposed. Instead, Petitioner filed this Motion to Vacate, Set Aside or Correct Sentence. ("Petition" (Doc. 20).) Petitioner sets out three claims for relief in his Petition. First, Petitioner claims that the sentence was improper because the Indictment fails to list the predicate felony for the conviction as to Count One. (Petition (Doc. 20) at 3, ¶ 12.)[3] Second, Petitioner uses the foregoing argument and counsel's failure to object to the Indictment not listing Petitioner's predicated felony as a basis for claiming he received ineffective assistance of counsel. (Id. at 4, ¶ 12.) Third, Petitioner claims the Government failed to prove that Petitioner was accountable for the approximately 175.8 grams of marijuana that was alleged in the Indictment. (Id. at 5, ¶ 12.)

## II. LEGAL STANDARD

Petitioner states one claim, Claim Two, based on ineffective assistance of counsel. To prove ineffective assistance of counsel generally, a petitioner must establish:

---

[3] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

(1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688-89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).

With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694).

### III. DISCUSSION

#### A. Claim One

Petitioner claims that he should be granted relief because the Government failed to list the predicate conviction in the Indictment that qualified Petitioner as a person "who has been convicted in any court of, a crime punishable by imprisonment

-5-

for a term exceeding one year." See 18 U.S.C. § 922(g)(1). Petitioner is correct that the Indictment did not list the predicate offense. (See Indictment (Doc. 1) at 1.) However, Petitioner's argument lacks merit because it is not necessary for the Indictment to list the specific predicate offense - it must only allege that Petitioner had a prior felony conviction at the time he knowingly possessed a firearm. See United States v. Osborne, 173 F.3d 853 (4th Cir. 1999) (unreported) (per curiam) (finding sufficient an indictment that merely tracked the language of 18 U.S.C. § 922(g)(1) and did not name the specific predicate felony). Furthermore, to the extent that Petitioner claims that the Government "failed to IDENTIFY the [prior] conviction in which the government relied upon in obtaining a conviction," (see Petition (Doc. 20) at 11), that argument is completely meritless, as the Factual Basis and Amended Factual Basis both specify that Petitioner had been convicted of felony common law robbery and felony conspiracy to commit common law robbery. (See Factual Basis (Doc. 10) at 6-7; Am. Factual Basis (Doc. 12) at 7.)

Petitioner cites Alleyne and Simmons in support of his argument, but neither case shows that Petitioner is entitled to relief. Alleyne deals with mandatory minimums, and because Petitioner did not face a mandatory minimum sentence as to Count

-6-

One or Three, Alleyne has no application here.  See Alleyne v. United States, 570 U.S. ___, ___, 133 S. Ct. 2151, 2155 (2013).  Furthermore, the predicate felonies set out in the Factual Basis - felony common law robbery and felony conspiracy to commit common law robbery - are Class G felonies for which Petitioner received a sentence of more than a year.  As a result, Simmons and Miller, a Fourth Circuit opinion that applied Simmons retroactively, do not apply and do not support Petitioner's argument.  See United States v. Simmons, 649 F.3d 237, 241 (4th Cir. 2011); see also Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).[4]

Therefore, for these reasons, Petitioner's first claim fails and must be dismissed.

**B. Claim Two**

Petitioner argues that counsel was deficient because he did not object to the fact that the Indictment failed to name the specific predicate felony.  As set forth above, the Indictment

---

[4] Petitioner's first and third claims within his Petition fail for an additional reason. In his Plea Agreement, Petitioner waived his "right to contest [his] conviction or sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255."  (See Plea Agreement (Doc. 11) ¶ 5(d).)  There are four exceptions to this waiver, but Claims One and Three do not fall within these exceptions. This court has reviewed these claims on the merits, but even if Petitioner's claims had merit, he would be prevented from raising those claims in his Petition based on the appeal waiver in his Plea Agreement.

-7-

Case 1:13-cr-00105-WO   Document 35   Filed 08/20/15   Page 7 of 10

did not violate Petitioner's rights by failing to allege the specific predicate felony.  As a result, any objection from counsel on this point would have been frivolous and this court would have denied that objection.  As a result, counsel's performance was not deficient based on his failure to object, nor can Petitioner show that he was prejudiced by the failure to object.

Additionally, Petitioner's claim must be dismissed without a hearing because it is unsupported and meritless.  <u>See</u> <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992) (noting that in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), <u>abrog'n on other grounds recog'd</u>, <u>Yeatts v. Angelone</u>, 166 F.3d 255 (4th Cir. 1999).

### C. **Claim Three**

Petitioner claims that his sentence should be vacated because the Government did not show he was responsible for 175.8 grams of marijuana.  However, this claim is also meritless.  The amount of marijuana Petitioner was responsible for was alleged in the Indictment (<u>see</u> Indictment (Doc. 1) at 2); was set out in the Factual Basis and Plea Agreement (<u>see</u> Factual Basis (Doc. 10) at 5; Plea Agreement (Doc. 11) ¶ 1; Am. Factual Basis (Doc. 12) at 5); and Petitioner agreed to the amount when he did not

-8-

object to the Factual Basis at the time he entered his plea of guilty. (See Change of Plea Hr'g Tr. (Doc. 29) at 27.) Because Petitioner agreed to this amount, the Government was not required to prove that Petitioner possessed approximately 175.8 grams of marijuana with intent to distribute it, as alleged in the Indictment. Therefore, this court did not err in sentencing Petitioner based on this amount of marijuana.

In fact, because Petitioner was sentenced pursuant to 21 U.S.C. § 841(b)(1)(D), the Government was only required to prove that Petitioner possessed with intent to distribute some quantity of marijuana. See 21 U.S.C. § 841(b)(1)(D) ("In the case of less than 50 kilograms of marihuana . . . ."). Thus, the ultimate amount alleged in the Indictment and agreed to by Petitioner did not affect Petitioner's sentence.

For all these reasons, this claim is also dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 20) is **DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of

a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 20th day of August, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge